# McClure *v.* Redman.

*Wills — Probate — Execution — Attestation — Handwriting — Opinions of witnesses—Experts—Evidence.*

1. Where the only witness to a paper purporting to be a will, is the subscribing witness, and she testifies that she assisted testatrix in making her signature by guiding her hand, and there are no corroborating circumstances or testimony of other witnesses as to the facts alleged by the subscribing witness, the testimony of experts is inadmissible to show that, in their opinion, the name signed to the paper was in the handwriting of the testatrix, where it appears that at no time during the trial were any genuine, authenticated specimens of the handwriting of the testatrix established or introduced in evidence.

2. In such a case the opinions of nonexpert witnesses, are also inadmissible, inasmuch as the signature was made under very abnormal conditions sufficient in themselves to show that the signature, if made by the testatrix, was not in the usual and accustomed handwriting.

3. There was nothing in the fact that testatrix required and received assistance in signing her name that would make her will invalid; but the evidence offered to supply the lack of a second witness was insufficient to that end.

4. Each of the two witnesses required for the proof of a will must depose to all facts necessary to complete the chain of evidence in order that no link in it may depend on the credibility of one; so that if one witness only was required, the will would be proved by the testimony of either. When the evidence is circumstantial, each must make proof complete in itself, so that if the act of assembly were out of the question, the case would be well made out by the evidence of either.

Reargued Jan. 6, 1919. Appeals, Nos. 136 and 183, Oct. T., 1918, by Ralph McClure et al., and by the Fidelity & Title Trust Co. of Pittsburgh et al., from judgment of C. P. Allegheny Co., Jan. T., 1918, No. 1325, on verdict for defendant in case of Anna M. McClure et al. v. Charles R. Redman et al. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Issue to determine the validity of a paper purporting to be the will of Ann Redman, deceased. Before SWEARINGEN, J.

The jury, by instruction of the court, returned a verdict against the valid execution of the paper as a last will and testament. Judgment was entered on the verdict.

*Errors assigned* were in giving binding instructions against the validity of the paper as a will, and in refusing to admit in evidence the opinion of expert and nonexpert witnesses as to handwriting.

*A. L. Petty*, with him *John K. Benn, M. J. Hosack* and *R. A. Macrady*, for appellants.—The signature to the will is the signature of Ann Redman: Reese v. Stille, 38 Pa. 138; Vandruff v. Rinehart, 29 Pa. 232; Plate's Est., 148 Pa. 55; Com. v. Swartz, 65 Pa. Superior Ct. 159; Fulton v. Hood, 34 Pa. 365; Burkholder v. Plank, 69 Pa. 225; McWilliams' Est., 259 Pa. 526; Shaver v. McCarthy, 110 Pa. 346.

The identity of the handwriting was a question for the jury.

*Wm. S. Moorhead*, of *Moorhead & Knox*, for appellees.—The expert had no standard upon which to base his opinion: Groff v. Groff, 209 Pa. 603; Com. v. Grauman, 52 Pa. Superior Ct. 204.

The nonexpert witnesses were without qualifications to express an opinion upon the writing in question: Com. v. Grauman, 52 Pa. Superior Ct. 204.

OPINION BY MR. JUSTICE STEWART, February 3, 1919:

These two appeals are from the judgment of the Court of Common Pleas of Allegheny County on a certified issue from the Orphans' Court of said county to try and determine the validity of a certain instrument which had been admitted to probate as the last will and testament of Ann Redman, from which probate an appeal had been taken to the Orphans' Court. The issue certified was to try the following questions of fact, namely, 1st, did Ann Redman execute the paper writing dated the 3d April, A. D. 1913, admitted to probate by the register as her last will and testament? and, 2d, if so, had she testamentary capacity when she executed it? The latter question could be inquired into only as an affirmative answer to the first was rendered, and inasmuch as the court directed a finding negativing the first, the second calls for no consideration here, nor did it receive any in the court below. The one question we have before us is, did the court err in its binding instructions above indicated, which instruction rested on the legal conclusion derived by the court that the instrument was invalid as a will because of insufficient attestation. Mrs. Redman at the date of the instrument probated as her last will was a widow woman upwards of eighty years of age and in her eighty-ninth year at the time of her death in 1915. But one person, a Mrs. Oskin, a neighbor and friend of Mrs. Redman, affixed her name to the paper as a witness to its execution, this lady being the same person that had written the instrument at the direction of Mrs. Redman. The name of Mrs. Oskin's husband appears as an attesting witness, but it is admitted that he was not present at the execution of the paper and that his name on the paper was signed unadvisedly and is wholly without significance. It was sought to supplement the single attestation of Mrs. Oskin, and thereby establish the equivalent of a second attesting witness, by the introduction of evidence as to the genuineness of

Mrs. Redman's signature; and here arises the only contention in the case. A brief reference to the facts is necessary to an understanding of the controversy. Whether from the infirmity of age or actual sickness does not appear, but for some reason sufficient to herself, Mrs. Redman, when the paper was submitted to her for her signature, asked Mrs. Oskin to sign it for her. This the latter declined to do, and thereupon Mrs. Oskin laid a book on Mrs. Redman's lap and procuring for her pen and ink Mrs. Redman then attempted to write her name, but was unable to do more than write "Mrs. An." She stopped with that and said to Mrs. Oskin, "Oh you will have to finish it," and again Mrs. Oskin declined. The latter then stood at Mrs. Redman's right, and placing her hand over Mrs. Redman's right hand in which the pen was held assisted her, not in completing the signature, which Mrs. Redman had attempted but left unfinished, but in writing below the "Mrs. An" the full name of Mrs. Redman as follows, "Mrs. Ann Redman." It is the extent and effect of this assistance or interference on the part of Mrs. Oskin that enters into the question of the competency of the testimony offered. The court rejected the offer of the testimony as to handwriting, and on the state of the evidence as it then stood directed a verdict for the contestants on the ground that there was but one attesting witness and nothing in the case to supply the lack of a second and thus meet the requirements of the statute, which in terms provides that "in all cases a will shall be proved by the oaths or affirmations of two or more competent witnesses, otherwise such will shall be of no effect." It is not questioned, and indeed cannot be in the light of our cases, that where at the execution of the will a single witness is present, the statute requirement of two or more witnesses may be supplied by circumstantial proof: Hays v. Harden, 6 Pa. 409. But for very obvious reasons this rule can apply only where the signature to be adjudged is shown by the attesting witness to have been written

by testator's own hand.  It is permissible of course for a testator enfeebled in body to engage another to assist him in signing his name by guiding and steadying his hand while in the act, and such assistance will not invalidate the will; nor is it essential in order to establish the validity of the will that two persons should be present at its execution.  Where there are no subscribing witnesses, a will may be sufficiently proved by two witnesses who are acquainted with the handwriting of the maker.  The distinguishing fact in this case is that here was but one subscribing witness, and that witness testifies that she was the only person present at the execution of the instrument.  To supplement this proof so as to meet the requirement of the law for a second witness, witnesses, expert and nonexpert, were called to testify that in their opinion the name signed to the paper was in Mrs. Redman's own handwriting.  The offer of such testimony was rejected.  Was this error?  That the method here attempted of supplying the lack of a second witness to the fact of execution by proof that the signature of Mrs. Redman as it appears in the will is in her own handwriting, is available in a proper case is not to be questioned.  The offer was rejected solely for the reason that the evidence having been admitted would have been nothing but an expression of the belief or opinion based on wholly insufficient grounds.  The method attempted was correct enough in itself, but the question arises were the witnesses offered competent and qualified to that end?  The most that could be expected of them, both expert and nonexpert, was the expression of opinion to the effect that the signature of Mrs. Redman as it appeared at the end of the will was in her own handwriting; their competency to so testify had first to be established and this was a matter for the determination of the court.  To understand the force of the objection offered, it should be recalled that the one subscribing witness to the will had testified fully as to how and under what circumstances the signing of the

will had been accomplished. This witness had prepared the will at the request of the testatrix, and after the latter had attempted with pen in hand and failed to write her name to it, the witness prevailed on her to make another attempt, she, the witness, assisting her by guiding her hand in the manner she described. The signature so written is the signature about which the dispute arises. The testimony shows that it is not only the product of two hands but of two minds as well. It is not questioned that Mrs. Oskin was a complete and sufficient witness to the execution of the will, but would the testimony the court rejected have met the requirement of the law as to a second witness? The offer was to prove by the expert witness called that he was familiar with assisted and unassisted handwriting; that he had made an examination of the normal handwriting of the decedent and the assisted handwriting, and was prepared to give his expert opinion on the likeness and resemblance between the two. One sufficient ground for the rejection of this offer would be that not up to that time, and indeed at no time during the trial, were any genuine, authenticated specimens of the handwriting of Mrs. Redman established or introduced in evidence, so that any comparison by this expert might have been made, so far as the court was informed, between the signature which was upon the will and those he had in mind, and which were without authentication. A handwriting expert is competent to express an opinion as to the genuineness of a signature upon comparison made between that signature and others of the same party when the latter have been authentically proven and established, but not otherwise. The offer stated that the witness, "was prepared to give his expert opinion on the likeness and resemblance between the two"; but between what two? and to what end? between the assisted handwriting that appears in the will and what he had been given to understand elsewhere than on the trial of the case were genuine and unassisted signatures of the testatrix? and if to

the end that he might express an opinion as to the genuineness of the appended signature, the offer fails to disclose the only purpose for which expert testimony is ever admitted. Again, the offer was made "to show by the witness that the signature of the will is the signature of the decedent or testatrix." What ground was shown to qualify him to testify to any such facts? Certainly not familiarity with Mrs. Redman's handwriting, for he did not profess to have any; and besides, were it otherwise, such circumstances would not qualify him to testify as an expert, since it is only the nonexpert who speaks from familiarity with the parties' handwriting who is qualified to express an opinion as to the genuineness of the signature; the expert can speak only from comparison with an authenticated genuine signature. On both these grounds the testimony was properly rejected, since whatever the objection urged it was for the court to pass upon the qualification of the witnesses. Quite as serious an infirmity existed in the offer to prove by the nonexpert witness from his familiarity with Mrs. Redman's handwriting that the signature to the will was her genuine signature. The circumstances under which that signature was made are not the subject of dispute; it was made under very abnormal conditions sufficient in themselves to show that the signature if made by her was not in her usual and accustomed handwriting, something which she was at the time unequal to. The testimony of the one subscribing witness was to the effect that the signature to the will was a composite, the product of a joint effort made by Mrs. Redman and another. How much each contributed to the formation of the letters to the signature would necessarily, so it seems to us, be a matter of pure speculation on the part of the witness, and would render any opinion as to the genuineness of the signature of no value. Let it be understood that we are speaking solely to the insufficiency of the evidence and not to any infirmity in the will by reason of the composite signature. There was nothing in the fact

that testatrix required and received assistance in signing her name that would make the will invalid; all that we say is that the evidence offered to supply the lack of a second witness was insufficient to that end, and that so far as appeared the will is proven by but one witness.

The case presents another aspect which calls for consideration. It is an established rule that each of the two witnesses required for the proof of a will must depose to all facts necessary to complete the chain of evidence in order that no link in it may depend on the credibility of one; so that if one witness was only required the will would be proved by the testimony of either. When the evidence of both is circumstantial each must make proof complete in itself, so that if the act of assembly were out of the question, the case would be well made out by the evidence of either: Hock v. Hock, 6 S. & R. 47; Derr v. Greenawalt, 76 Pa. 239. That Mrs. Oskin was a competent and sufficient witness is conceded, and it must further be conceded that but for the act requiring proof of two witnesses her evidence alone would have been adequate to a probate of the will. The question then arises would the testimony as to handwriting contained in the rejected offer, if admitted, have supplemented the testimony of Mrs. Oskin in an affirmative way so as to be the equivalent of a second witness, or would it have been conflicting and contradictory? If the latter, it could not supply the lack of a second witness because of the divergence; it could in no sense be said to be one full witness in addition to Mrs. Oskin. The latter's testimony can be construed in no other way but that the signature of the will was partly her own production—to what extent is immaterial. That fact in itself kept it from being the signature of Mrs. Redman and the latter's adoption of it did not change this fact. At most it would have resulted in a choice between the conflicting statements of the witnesses, one to be rejected and the other accepted, in which case the result would be that proof of the will would rest on the testimony of the single

witness. For the reasons thus stated we are of opinion that the testimony offered as to the handwriting of the testatrix was properly rejected. The assignments of error relate to this feature of the case only, and they are therefore overruled and the judgment is affirmed. Like judgment to be entered in both appeals.