## Revercomb's Estate.

Argued March 28, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John J. McGrath,* for appellant.

*Samuel S. Scott,* with him *John M. Haverty, Jr.,* for appellees.

PER CURIAM, May 21, 1934:
Hugh Marvin Revercomb died by his own hand October 24, 1932. He left a last will and testament bearing

date of March 29, 1932, and a codicil thereto executed on the day of his death, both of which were duly admitted to probate by the Register of Wills of Allegheny County. Margaret Murphy Revercomb, who survives him as widow, appealed from the probate of the paper alleged to be a codicil and filed a petition asking that the instrument be stricken from the record on the grounds it was not testamentary in character and that at the time of its execution decedent was of unsound mind, weakened physically, and incompetent to execute a will by virtue of habitual alcoholic intoxication. The matter came up for trial in the Orphans' Court of Allegheny County. After taking testimony and consideration thereof, the hearing judge filed a decree dismissing the petition. Exceptions to the decree and opinion of the court were argued before the court in banc, which affirmed the trial judge and dismissed the exceptions. The present appeal followed.

Appellant is the second wife of decedent, their marriage occurring May 20, 1932. She is not made a beneficiary in either the will proper (which was executed before their marriage) or in the codicil. The effect of sustaining the codicil as a republication of the will is to deprive her of her allowance of $5,000 from the estate of decedent, as surviving spouse, under the provisions of the Intestate Act of 1917. A careful examination of the record discloses no reason for reversing the decree entered by the court below.

The instrument probated as a codicil is holographic and informal. There is no dispute that it is in the handwriting of testator and was signed by him. There were no witnesses to the execution of the paper; this, however, does not destroy its validity, for "where there are no subscribing witnesses, a will may be sufficiently proved by two witnesses who are acquainted with the handwriting of the maker": McClure v. Redman, 263 Pa. 405, 409. Much of the language of the codicil is rambling and discursive but portions indicate a definite

testamentary intent. The paper was not attached to the will, makes no mention of the will, and was not designated as a codicil, but, as stated by the court below, it does inferentially refer to the will. The executor named in the will is referred to by name and is directed to give a certificate of ownership of decedent's car to a designated legatee. Moreover, the codicil clearly indicates testator's intention to disinherit his second wife, for one passage reads, "my present wife does not deserve what my former wife and I made." He knew he had made no provision for appellant in his will, and his reiteration of his intention in that regard, written after his second marriage, when taken in connection with the other factors already mentioned, is a sufficient republication of the original will.

On the question of decedent's testamentary capacity, the evidence was insufficient to warrant disturbing the will and codicil. The testimony indicates testator was unhappy in his marriage, was despondent to the point of taking his own life, and was addicted to the excessive use of alcohol, but it falls far short of establishing that he was so intoxicated at the time of preparation of the codicil as to be unable to settle his affairs rationally and to understand the import of his acts. See Miller's Est., 179 Pa. 645. The fair conclusion to be drawn from the testimony of the disinterested witnesses is, "that at the time the [codicil] was executed the testator had an intelligent knowledge of the act he was engaged in, of the property he possessed, of his relatives, and of the disposition that he desired to make of his estate; and this is all that is necessary": McNitt's Est., 229 Pa. 71, 74. See also Snyder's Est., 279 Pa. 63.

The decree of the court below is affirmed at appellant's cost.