448 A.2d 598

COMMONWEALTH of Pennsylvania

v.

David Lee STEWART, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 1, 1981.

Filed July 23, 1982.

Petition for Allowance of Appeal Granted Jan. 14, 1983.

Peter T. Campana, Williamsport, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

BROSKY, Judge:

David Stewart, appellant, was convicted of voluntary manslaughter on August 5, 1980. Post-verdict motions were filed and subsequently denied. This appeal followed.

Stewart was tried before a jury. On the second and final day of his trial, one of the twelve jurors failed to appear. No objection was made at the time of the proceedings by Stewart. He did not complain about the number of jurors on the jury until after the jury rendered its verdict.

Stewart presents two questions on appeal:

1. Whether the lower court erred by continuing with Stewart's trial on the second day with only eleven jurors without securing Stewart's or his attorney's consent and agreement?

2. Whether trial counsel was ineffective in failing to object to the trial court continuing with Stewart's trial on the second day with only eleven jurors? [1]

Pennsylvania Rule of Criminal Procedure 1103 states:

**Rule 1103. Consent to be Tried by Less Than Twelve Jurors**

In all cases the defendant at any time before verdict may agree, with the consent of his attorney, and approval by a

---

[1] We note that Stewart does not argue that his counsel failed to file a motion for a mistrial. Such a motion is not waivable. *Commonwealth v. Bartolomucci*, 468 Pa. 338, 362 A.2d 234 (1976). Therefore, Stewart could have presented it directly to this court on appeal. He has not done so. Therefore, we will not consider in any way such an assertion.

judge of the court in which the case is pending, to be tried by a jury of less than twelve but not less than six. Such consent shall be made a part of the record. The verdict in such a case shall have the same force and effect as a verdict by a jury of twelve.

The comment following Rule 1103 states:

Comment: The 1976 amendment had the effect of making this Rule applicable to capital cases. Formerly a defendant in a capital case could not consent to be tried by fewer than twelve (12) jurors.

The procedure under this Rule is intended to apply only after a jury of twelve is initially sworn, and before a verdict is rendered.

█ Initially, we must determine whether a Rule 1103 defect represents a waivable error. If it does then we cannot hold that the trial court erred in continuing Stewart's trial with only eleven jurors. In *Commonwealth of Pennsylvania ex rel. Walton v. Aytch*, 466 Pa. 172, 178–179, 352 A.2d 4, 7 (1976), our Supreme Court said regarding Rule 1103:

The rule states that the defendant may agree to proceed with less than twelve jurors. The Commonwealth's position would require a ruling that the defendant must proceed with less than twelve jurors or waive any claim that the discharge was not manifestly necessary and thus give up his interest in having the jury as originally empaneled determine his guilt or innocence. See *United States v. Jorn*, [400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543] supra. Such a ruling is unacceptable for two reasons: (1) it is contrary to the clear and unambiguous language of Rule 1103, see Pa.R.Crim.P. 2, 1 C.P.S.A. § 1921(b); and (2) it would require a defendant to give up his interest in having the jury as originally empaneled determine his guilt or innocence and thus improperly abridge a substantive right of a defendant, see Pa.Const. art. 5, § 10(c). The clear language of Rule 1103 grants a defendant, subject to the supervision of the court, an option of proceeding with less than twelve jurors. Thus, after the

dismissal of a juror over objection, if the defendant and his counsel still believe the juror was improperly discharged, the defendant may refuse to proceed with less than twelve and thereby require the court to formally declare the mistrial. The attempt to retry would then ripen the issue of whether the discharge was manifestly necessary and thus the double jeopardy issue would be properly raised. If the defendant and his counsel believe circumstances of manifest necessity existed despite his objection, the defendant may agree to proceed with less than twelve or consent to the formal declaration of a mistrial, thus waiving the double jeopardy claim because he does not think his interest in the jury as originally empaneled has been improperly denied. (Emphasis in original).

Accordingly, the Supreme Court has held that the defendant may agree to proceed with a jury of fewer than twelve jurors. If a juror is dismissed, then only when so done over an objection from the defendant, may he refuse to proceed with fewer than twelve jurors. Thus, it would appear that the claim is waivable. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

We note that an alternative view has been expressed by Justice Roberts in *Commonwealth v. Stewart*, 456 Pa. 447, 317 A.2d at 616, (Roberts, J. Dissenting), Justice Roberts said:

Somerville [*Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. [1066] 35 L.Ed.2d 425 (1973)] specifically involved a formal defect in an indictment which "could not be waived by the defendant's failure to object, and could be asserted on appeal or in a post-conviction proceeding to overturn a final judgment of conviction." Id. at 460, 93 S.Ct. at 1068. Given these facts, the Supreme Court explained the limited circumstances when a mistrial could be declared in the "ends of public justice."

"If an error would make reversal on appeal a certainty, it would not serve 'the ends of public justice' to require that the Government proceed with its proof when, if it

succeeded before the jury, it would automatically be stripped of that success by an appellate court."

Id. at 464, 93 S.Ct. at 1070.

We are here dealing with a non-Somerville defect in the proceedings—a speculative one—a defect, if any, that not only could be waived at trial, but which, as the majority correctly states, was actually waived by appellant. [Footnote omitted]. Since an accused can knowingly and intelligently waive any constitutional right,[8] there is no reason why this appellant could not waive the opportunity to move for a mistrial that the trial judge was offering.

[8] See, e.g., *Commonwealth v. Phillips*, 208 Pa.Super. 121, 220 A.2d 345 (1966), aff'd, 387 U.S. 946, 87 S.Ct. 2084, 18 L.Ed.2d 1336 (1967) (grand jury indictment); Pa.R.Crim.P. 215(a) (same); *United States v. Banks*, 370 F.2d 141 (4th Cir. 1966), cert. denied, 386 U.S. 997, 87 S.Ct. 1317, 18 L.Ed.2d 345 (1967) (speedy trial); *Aeby v. United States*, 255 F.2d 847 (5th Cir. 1958) (jury trial); *Commonwealth v. Garrett*, 439 Pa. 58, 266 A.2d 82 (1970) (same); Pa.R.Crim.P. 1101 (same); *Pa.R.Crim.P. 1103 (trial by less than 12 jurors); Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (counsel); *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A.2d 446 (1968) (same); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (counsel during interrogation); *Burgess v. King*, 130 F.2d 761 (8th Cir. 1942) (confrontation of witnesses); *Commonwealth v. Petrillo*, 340 Pa. 33, 16 A.2d 50 (1940) (same). Cf. *Commonwealth v. McGrogan*, 449 Pa. 584, 588 nn. 8–12, 297 A.2d 456, 458 nn. 8–12 (1972). See generally Sandalow, Henry v. Mississippi and the Adequate State Ground: Proposals for a Revised Doctrine, 1965 Sup.Ct. Rev. 187; Comment, Criminal Waiver: The Requirements of Personal Participation, Competence and Legitimate State Interest, 54 Calif. L.Rev. 1262 (1966).

Id., 456 Pa. at 471–472, 317 A.2d 629 (emphasis added).

■ Thus, Justice Roberts would hold that Rule 1103 may be waived, however he indicates that it must be a knowing and intelligent waiver. This in turn indicates that Justice Roberts would require the court to engage in a colloquy, when it becomes aware of the deficient number of jurors, to assure that the defendant has waived Rule 1103 knowingly and intelligently. While we find Justice Roberts view very persuasive, we are obliged to hold that the decision of our Supreme Court in *Commonwealth ex rel. Walton v. Aytch*, supra, is controlling. Accordingly, we hold that Rule 1103 provides the defendant the option to proceed with fewer

than 12 jurors where a juror has been dismissed over objection. Id. 466 Pa. at 178–179, 352 A.2d at 7.[2] There is no requirement that the court engage in a colloquy. Clearly, the decision in *Commonwealth ex rel. Walton v. Aytch,* supra, is controlling.

■ Accordingly, Stewart having failed to object to the absence of a juror, and nonexistence of an alternate juror to replace the absent juror, has waived his right to attack the numerical composition of his jury in this appeal.

■ Stewart also contends that his trial counsel was ineffective for failing to object to the numerical composition of the jury. This issue is presented for the first time on appeal.[3] We are unable to determine from the record whether trial counsel had any reasonable basis for failing to object to the numerical composition of the jury under Rule 1103. Accordingly, we are obliged to vacate the judgment of sentence and remand for an evidentiary hearing. *Commonwealth v. Hubbard,* 272 Pa. 259, 278, 372 A.2d 687, 696 (1977); *Commonwealth v. Twiggs,* 460 Pa. 105, 106, 111, 331 A.2d 440, 443 (1975). If the trial court finds that counsel was ineffective, then it shall permit Stewart to file a Rule 1103 objection nunc pro tunc.[4] If appellant is unable to

2. Justice Roberts concurred in the result in *Commonwealth ex rel. Walton v. Aytch,* supra.

3. Stewart is represented on appeal by new counsel. Therefore, this is the first opportunity had by Stewart to raise his trial counsel's ineffectiveness. Accordingly, the issue has not been waived. *Commonwealth v. Hubbard,* 472 Pa. 259, 276–277 n.6, 372 A.2d 687, 695 n.6 (1977).

4. We recognize that the circumstances of this case render it extremely likely that if Stewart will not accept the verdict rendered by the eleven member jury that he will assert that he cannot be retried because of his right not to be placed in jeopardy twice. In *Commonwealth ex rel. Walton v. Aytch,* supra, our Supreme Court discussed the effect of rule 1103 upon the Commonwealth argument that the trial judge's sua sponte declaration of a mistrial after the twelfth juror, where no alternates remained, was released from her duty to be a juror because she was unsuccessful in procuring a babysitter to stay with her children. The trial court therein proceeded under Rule 1103 to conduct a colloquy with Walton as to whether he would proceed with only eleven jurors. Walton refused to do so. The

210

sustain his contention that counsel was ineffective, then the judgment of sentence should be reimposed.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

WIEAND and MONTEMURO, JJ., concur in result.

Supreme Court found this was not manifestly necessary. Retrial was therefore prohibited by the Fifth Amendment. *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 61 L.Ed. 165 (1824); *Commonwealth v. Stewart,* supra.

It is clear that a defendant may be retried without violating his right not to be placed twice in jeopardy if his prior trial ended without a verdict for reasons of manifest necessity. *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *Commonwealth v. Sullivan,* 484 Pa. 130, 398 A.2d 978 (1979). We will properly leave this determination, should it eventually be made to the trial court. Id: *Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976).

We also realize that should the lower court find trial counsel ineffective and order a new trial that Stewart may file a pre-trial motion to dismiss that appeal on double jeopardy grounds. An order denying a pre-trial motion to dismiss on double jeopardy grounds is immediately appealable. *Commonwealth v. Starks,* 490 Pa. 336, 416 A.2d 498 (1980); *Commonwealth v. Haefner,* 473 Pa. 154, 373 A.2d 1094 (1977); *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977). We do not comment upon the merits of any of these possible contentions at this time.