471 A.2d 827

COMMONWEALTH of Pennsylvania

v.

Roger Lee WINTER, Appellant.

COMMONWEALTH of Pennsylvania

v.

Matt S. HILL, Appellant.

COMMONWEALTH of Pennsylvania

v.

Ferron CROMWELL, Appellant.

Superior Court of Pennsylvania.

Submitted March 9, 1983.

Filed Jan. 20, 1984.

Reargument Denied March 14, 1984.

Petition for Allowance of Appeal Denied Oct. 1, 1984.

George H. Newman, Philadelphia, for Winter, appellant.

Robert C. Fogelnest, Philadelphia, for Hill, appellant.

Alan Ellis, Philadelphia, for Cromwell, appellant.

Merrill W. Kerlin, District Attorney, McConnellsburg, for Commonwealth, appellee.

Before WICKERSHAM, BECK and MONTEMURO, JJ.

WICKERSHAM, Judge:

 This is a consolidated appeal from orders of the Court of Common Pleas of Fulton County, denying the appellants' pre-trial motions to dismiss based on double jeopardy/collateral estoppel grounds.[1]

1. An order denying a pre-trial motion to dismiss on the grounds of double jeopardy/collateral estoppel is a final, appealable order. *Commonwealth v. Starks*, 490 Pa. 336, 416 A.2d 498 (1980); *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977); *Commonwealth v.*

The facts are not in dispute. The appellants, Roger Winter, Matt Hill, and Ferron Cromwell, were charged with having committed several burglaries and theft related offenses in Fulton County as part of a multi-county [2] burglary ring operating in south-central Pennsylvania in 1980–81.

One of the appellants, Ferron Cromwell, was tried in the Court of Common Pleas of Somerset County on a number of charges which arose in that county, and was acquitted by a jury on October 30, 1981. Appellants Hill and Winter were not tried for any offenses in Somerset County.

Subsequently, all three appellants filed pre-trial motions to dismiss the Fulton County cases on the ground that the prosecutions were barred by the doctrines of double jeopardy and collateral estoppel. Appellants claimed that the evidence presented at Cromwell's Somerset County trial was substantially the same as the evidence to be presented at the Fulton County trials; that the question of the accomplices' credibility as to appellants' involvement in the multi-county burglary ring had been litigated and rejected by the jury in Somerset County; and that the Commonwealth was attempting to relitigate an issue finally litigated in the Somerset County proceeding.

The lower court dismissed the pre-trial motions without hearings on November 20, 1981 and December 1, 1981. The court also filed an opinion in support of the decision to dismiss the motions, which we have examined closely. It is from the lower court's orders dismissing the motions that appellants have now appealed to this court.

Appellants present to us the following question:

Does collateral estoppel bar the instant prosecutions where the issue of appellants' involvement in a multi-

*Yost,* 305 Pa.Super. 316, 451 A.2d 549 (1982); *Commonwealth v. Stewart,* 302 Pa.Super. 203, 448 A.2d 598 (1982).

2. Other counties involved were Bedford, Blair, Franklin, Huntington, Juniata, and Somerset.

county burglary ring was previously litigated in Somerset County and decided adversely to the Commonwealth? Consolidated Brief for Appellants at 10.[3]

 In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the United States Supreme Court held that collateral estoppel was part of the fifth amendment's protection against double jeopardy and is applicable to the states through the fourteenth amendment under *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit. *Ashe v. Swenson*, *supra*, 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. Even where the offense charged is not literally the same as the one previously tried, collateral estoppel bars relitigation between the same parties of issues actually determined at the previous trial. For example, in *Ashe*, the defendant had been tried and acquitted by a general verdict of the robbery of one of six poker players. The state then tried and convicted him of the robbery of another player. The Supreme Court reversed, holding that the issue of identity having once been determined by a jury in the defendant's favor, the state could not relitigate it in a subsequent prosecution against the same defendant for a "separate" offense.

Pennsylvania has a statute on the subject of collateral estoppel, 18 Pa.C.S.A. § 110,[4] which states in pertinent part:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

**3.** We note that the same question is presented in related appeals presently before this court, involving Juniata and Franklin Counties.

**4.** 1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973.

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

The differences between collateral estoppel and the traditional aspects of double jeopardy were laid out by the Pennsylvania Supreme Court in *Commonwealth v. Hude,* 492 Pa. 600, 425 A.2d 313 (1980):

First, collateral estoppel does not require that the offenses charged in the two prosecutions be the same. Second, collateral estoppel only bars a redetermination of those issues necessarily determined between the parties in the first proceeding. Third, collateral estoppel re-

quires a final judgment in the first proceeding. Thus it becomes clear that while the traditional aspects of double jeopardy could readily be deemed inapplicable to a subsequent perjury prosecution of a criminal defendant, such is not the case with collateral estoppel. As the *Ashe* Court noted, collateral estoppel was intended to enhance the traditional double jeopardy protection and to provide relief from the growing threat of multiple prosecutions. To that end that Court directed the principle of collateral estoppel be applied with 'realism and rationality' and not 'applied with the hypertechnical and archaic approach of a 19th century pleading book.' *Id.* [397 U.S.] at 444, 90 S.Ct. at 1194.

*Id.*, 492 Pa. at 611–12, 425 A.2d at 319.

■ The approach set forth by *Ashe* to determine the applicability of the principle of collateral estoppel where a previous judgment of acquittal was based upon a general verdict, requires the court to

examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. The inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.

*Ashe v. Swenson, supra,* 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–76 (quotations omitted).

With this standard in mind, we now examine the appellants' arguments herein. Appellants contend that the issue litigated and finally decided in the Somerset County trial was the credibility of the prosecution witnesses as to appellants' involvement in a multi-county burglary ring, and that this is the very issue to be decided in the Fulton County cases. We find this contention to be erroneous.

■ Jurisdiction in criminal matters in Pennsylvania is countywide. *Commonwealth v. Nichelson,* 294 Pa.Super.

438, 440 A.2d 545 (1982). A court has no jurisdiction unless the act charged occurred in the county where the defendant is tried. *Commonwealth v. Firestone,* 253 Pa.Super. 577, 385 A.2d 489 (1978). Appellants Winter and Hill were not charged with burglary in Somerset County at all. Appellant Cromwell was charged with four counts of burglary related offenses in Somerset County and four unrelated burglaries in Fulton County. Therefore, appellants could only be tried in separate proceedings in the two counties. The crimes allegedly committed in Fulton County were on a different day, at a different place, in a different county. Different property was taken and different persons were involved. The factual situation of the crimes alleged in Fulton County is completely different from those crimes alleged in Somerset County.

In *Commonwealth v. Harris,* 275 Pa.Super. 18, 418 A.2d 589 (1980), the defendant was convicted in Montgomery County of an assortment of offenses, including terroristic threats. Earlier, he had been convicted in Philadelphia County of several crimes arising from the same incident, in which the victim had been forcibly taken from her home in Philadelphia to Montgomery County. Our court held that since the Court of Common Pleas of Philadelphia County had no jurisdiction to try the defendant for making terroristic threats in Montgomery County, prosecution for that crime in Montgomery County was not barred by the defendant's earlier convictions in Philadelphia County arising from the same incident.

In *Commonwealth v. Nichelson, supra,* the defendant was charged in Philadelphia County with a number of crimes arising from an incident in which the victim was kidnapped in Philadelphia and taken to Chester County where a number of other offenses took place. The defendant was convicted of all but two of the Philadelphia charges, whereupon he moved to quash the related charges in Chester County on the basis of double jeopardy/collateral estoppel. Our court held that the Chester County prosecution involved acts entirely separate and distinct from those

previously adjudicated in Philadelphia County and was not barred by principles of double jeopardy or collateral estoppel.

Like *Harris, supra,* and *Nichelson, supra,* appellant Cromwell was tried for burglary related offenses in one county and later charged with burglary related offenses in another county. The offenses in both *Harris* and *Nichelson* arguably derived from the same episode or transaction. Here we have no relationship in time or place between the offenses.

Appellants argue that *Commonwealth v. Hude, supra,* controls the outcome of these appeals. While we find comparison between *Hude* and the instant cases to be appealing, appellants' reliance on *Hude* is misplaced. In *Hude* and its companion case, *Commonwealth v. Klinger,* our supreme court rejected the argument that "the doctrine of collateral estoppel should be construed as providing an automatic bar to all perjury prosecution which stems from testimony of an acquitted defendant during the substantive trial." *Commonwealth v. Hude, supra,* 492 Pa. at 624, 425 A.2d at 326. In *Hude,* the defendant was acquitted of possession and delivery of marijuana and in *Klinger,* the defendant was acquitted of murder. Both were later prosecuted for perjury involving their testimony in their respective trials. In these perjury cases, the same witnesses repeated the same testimony. Limited to these facts, the supreme court held that a perjury conviction could not follow an acquittal if the attempt was to relitigate an issue finally resolved at an earlier trial.

However, that is not our case here. As the lower court correctly stated:

Ferron Cromwell was acquitted in Somerset County and the witnesses who appeared against him may be some of the same witnesses who will appear against him in Fulton County. And these same witnesses may be witnesses against the defendants Matt Hill and Roger Lee Winter. But the cases are different cases and do not involve the same set of facts. [Appellants] have apparently picked a

statement from the Hude decision that the trial litigated the question of the informant's credibility as to his knowledge of Hude's drugs dealings and rejected it as the foundation for these motions to dismiss.

. . . .

In the cases to be tried in Fulton County it may be some of the same witnesses will testify, but they will not be repeating the same testimony, for the offenses in Fulton County are obviously different than those in Somerset County. They were allegedly committed at different scenes, different things were taken, etc. Moreover in the case against Hill and Winter, no decision has been made anywhere as to the credibility of any witnesses.

We understand that if a fact has finally been litigated, it should not be relitigated. However, it is our impression that in a legal sense the credibility of a witness is not a fact to be determined by the jury. Rather it is a matter to be resolved by the jury to permit it to determine the facts. It might be more precise to say that the credibility of the witness as to a particular set of facts had been litigated. Thus the resolution of the credibility against the Commonwealth in two cases permitted the jury to find as a fact that Hude did not deal and Klinger did not kill. For surely, as the Court responded, it could not be said the testimony of the Commonwealth's *Hude* and *Klinger* witnesses could never be believed again.

Lower ct. op. at 3–5.

It would seem that *Hude* would apply only if appellant Cromwell were brought to trial for perjury as a result of testimony given in the Somerset County case, and then only if this court concluded that the perjury charges would result in relitigation of previously resolved issues. That clearly is not the case presently before us involving appellant Cromwell. Therefore, we find that collateral estoppel does not bar prosecution of appellant Cromwell in Fulton County.

The situations of appellants Winter and Hill present a slightly different problem. The issue of whether collateral estoppel will prevent the trial of a defendant where a codefendant has been acquitted has been previously addressed by the appellate courts of this Commonwealth. We find *Commonwealth v. Brown*, 473 Pa. 458, 375 A.2d 331 (1977) to be controlling as to appellants Winter and Hill. In *Brown*, our supreme court held that the acquittal of a criminal defendant will not prevent the relitigation of an issue in the subsequent prosecution of a codefendant even though the same transaction is involved. Although the case involved the question of accomplice liability rather than principals, we find the distinction to be inconsequential. In the instant case, we are also faced with the trial of a defendant where a co-defendant has already been tried, albeit for different crimes, and acquitted.

The supreme court noted in *Commonwealth v. Byrd*, 490 Pa. 544, 417 A.2d 173 (1980), that:

> An acquittal at any trial is never a guarantee that no crime has been committed. Rather it signifies only that the Commonwealth has not proved its case to the satisfaction of the jury. Thus in the present case, different verdicts may well have been due solely to the different composition of the two juries. Alternatively, the difference may have been due to a variety of other circumstances, including a difference in the proof offered at trial.... It is error to assume that the failure of a jury to convict one conspirator necessarily invalidates the Commonwealth's verdict, won from a different jury, at a separate trial.

*Id.*, 490 Pa. at 552–53, 417 A.2d at 177.

Finally, we find that our position is buttressed by a recent decision of the United States Supreme Court. In *Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), affirming *United States v. Standefer*, 610 F.2d 1076 (3rd Cir.1976), the Court held that the outcome of a co-de-

fendant's prosecution had no effect on the defendant's conviction. In that case, the defendant had been charged, *inter alia*, with aiding and abetting a revenue official in accepting compensation not authorized by law. Under the authority of 18 U.S.C. § 2, the defendant was tried as a principal. Prior to defendant's trial on five counts of the offense, the co-defendant revenue official had been acquitted of all but two of the counts of accepting the additional compensation. Defendant was subsequently convicted of all five counts. The Court concluded that the doctrine of non-mutual collateral estoppel would not bar the Government from relitigating the facts at defendant's trial, including the guilt of the revenue official as to violations on which he had been previously acquitted, in order to prove that the defendant had aided and abetted in the commission of those violations. We find this to be dispositive of the present appeals of Winter and Hill.

▆▆▆▆ Therefore, we find that neither collateral estoppel nor double jeopardy bars prosecution of the instant cases. In the absence of mutuality of parties, collateral estoppel is inapplicable. *United States v. Standefer, supra; Commonwealth v. Lewis*, 306 Pa.Super. 81, 452 A.2d 13 (1982). The scope of the doctrine as applied in criminal matters is not co-extensive with that applied in civil cases, particularly where the bar of collateral estoppel is raised on behalf of defendants who were not parties to the prior proceedings. *Commonwealth v. Brown, supra*. Furthermore, none of the appellants have ever faced prosecution of the Somerset County charges in Fulton County or vice versa. Under the circumstances, jeopardy has not attached.

The Commonwealth, on behalf of the victims of the Fulton County burglaries, should have a right to its day in court within the appropriate jurisdiction of the offenses.

The orders of the Court of Common Pleas of Fulton County are affirmed.