492 A.2d 51

**COMMONWEALTH of Pennsylvania**

v.

**John KAMINSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 18, 1985.

Filed April 26, 1985.

38

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

John Kaminski appeals from the denial of a pre-trial motion to dismiss, on double jeopardy grounds, charges of conspiracy, delivery of a controlled substance and knowing and intentional possession of a controlled substance.[1]

On March 8, 1983, Appellant sold one ounce of cocaine to a Philadelphia undercover police officer for $200 down and

---

1. Denial of a motion to dismiss on double jeopardy grounds is immediately appealable despite the interlocutory aspects of the order. *Commonwealth v. Edwards,* 264 Pa.Super. 223, 399 A.2d 747 (1979).

$1,900 dollars to be paid at a later date. Three days later, on March 11th, Appellant sold an additional three ounces of cocaine to the same undercover police officer.

Appellant was tried and convicted for his involvement in the March 8th sale. Charges against Appellant in the instant case stem from the sale on March 11th.

On October 18, 1983 Appellant moved to dismiss the instant charges arguing that his conviction on charges arising from the March 8th sale barred a separate trial based upon charges from the March 11th incident. Initially, the trial court agreed with Appellant's position but, upon reconsideration, the trial court rescinded its earlier order which granted Appellant's motion and issued its February 29, 1984 order denying Appellant's motion to dismiss.

Appellant argues that the Commonwealth failed to comply with 18 Pa.C.S. § 110. We agree. Section 110 provides in pertinent part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or conviction ... and the subsequent prosecution is for:
>
> .    .    .    .    .
>
> (ii) any offense on the same conduct or arising from the *same criminal episode,* if such offense was known to the appropriate prosecuting officer at the time of commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense. (Emphasis added).

In *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983) our supreme court held that Section 110 of the Crimes Code was violated when the Commonwealth attempted to try Appellant for his involvement in sales of marijuana made to a self-confessed drug dealer between the end of November 1974 and the middle of January, 1975,

when Appellant had already been tried and acquitted for sales of marijuana in October, 1974 to the same drug dealer.

The facts in the instant case present an even more compelling case for finding that the alleged illegal conduct arose from the "same criminal episode." As in *Hude*, the instant drug sales involve the same type of contraband and were made to a single individual; but, in the case at bar, the elapsed time between sales was only three days rather than several weeks. Justice (now Chief Justice) Nix, speaking for the supreme court in *Hude*, discussed the "same or single criminal episode" test in the following manner:

> To interpret the "single criminal episode" test in such a manner as to permit successive trials for each of the alleged transactions would clearly be offensive to the prohibition against successive prosecutions as well as an unjustifiable expenditure of judicial resources. The interpretation of the term "single criminal episode" must not be approached from a hypertechnical and rigid perspective which defeats the purposes for which it was created.... Thus, where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of scarce judicial resources. In such cases, failure to consolidate will bar successive prosecutions.

*Commonwealth v. Hude*, 500 Pa. at 494, 458 A.2d at 183 (citations omitted).

We find *Commonwealth v. Hude* to be controlling. The drug sales on March 8th and 11th arose from the same criminal episode under 18 Pa.C.S. § 110. We, therefore, reverse the trial court's order of February 29, 1984 and order Appellant discharged.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent.

Appellant has invoked the *Campana* rule,[1] Section 110 of the Crimes Code,[2] and the constitutional guarantees against double jeopardy [3]. I do not agree that the Commonwealth's failure initially to consolidate the two prosecutions bars prosecution on the instant charges. For the reasons below, I would affirm the lower court's order.

Section 110 of the Crimes Code [4] in pertinent part provides:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or a conviction ... and the subsequent prosecution is for:

.  .  .  .  .

(ii) any offense based on the same conduct or arising from the *same criminal episode,* if such offense was known to the appropriate prosecuting officer at the time of commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense.

18 Pa.C.S.Sec. 110(1)(ii) (emphasis added). Simply stated, where two offenses form part and parcel of the same criminal episode, prosecution for one offense will bar a subsequent prosecution for the second, different offense.

---

1. *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand, 455 Pa. 622, 314 A.2d 854, cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

2. 18 Pa.C.S.Sec. 110.

3. U.S. Const. amend. V; Pa. Const. Art. I, Sec. 10.

4. (I)f the provisions of Section 110 are satisfied, there will also have been compliance with the requirement as set forth under the *Campana* rule. The necessity to consider the double jeopardy complaints will arise only if it is determined that the statutory provision does not require the grant of relief requested.
*Commonwealth v. Hude,* 500 Pa. 482, 489, 458 A.2d 177, 180 (1983). Here appellant raises but does not develop the double jeopardy argument.

"(W)here a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists." *Commonwealth v. Hude*, 500 Pa. at 494, 458 A.2d at 183. Reviewing the record and the brief, we find appellant has failed to establish sufficient nexus between the March 8th and March 11th sales. We start with the fact of successive sales to the same undercover police officer. Those sales spanned a period of four days. The first sale, March 8, 1983, involved a single ounce of cocaine. Only at the second sale, March 11, 1983, did appellant meeting the officer at a pre-designated time offer him the larger amount three ounces of cocaine. The two arrests did result from one continuing undercover investigation of appellant by the Philadelphia police. I am not satisfied, however, that the individual sales were so logically/temporally linked as to constitute the "same criminal episode."

The *Hude* court, interpreting Sec. 110, noted the lack of a bright-line rule. *Id.*, 500 Pa. at 490, 458 A.2d at 181. In its stead, the court employed a fact-sensitive analysis looking first to the temporal sequence of events, then to their logical relationship. *Id. See, e.g., Commonwealth v. Stewart*, 493 Pa. 24, 425 A.2d 346 (1981) (possession of heroin and a gun at precisely the same time); *Commonwealth v. Muffley*, 493 Pa. 32, 425 A.2d 350 (1981) (possession of marijuana and LSD at the same time); *but see Commonwealth v. Stewart*, 325 Pa.Super. 465, 473 A.2d 161 (1984) (no logical relationship between the contemporaneous crimes of theft by receiving stolen property and possession of a controlled substance). Further the Court cautioned that "single criminal episode" must be read broadly, not "approached from a hypertechnical and rigid perspective which defeats the purposes for which it was created."

*Commonwealth v. Hude*, 500 Pa. at 494, 458 A.2d at 183. Those purposes are twofold:

(1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive

trial for offenses stemming from the same criminal episode; and

(2) as a matter of judicial administration and economy, to assure finality without unduly overburdening the judicial process by repetitious litigation.

*Id.*, 500 Pa. at 495, 458 A.2d at 180. *Compare Commonwealth v. Dozier*, 333 Pa.Super. 188, 482 A.2d 236 (1984) (court refusing to enforce admittedly applicable Sec. 110 "where its application fails to serve the purposes for which it was designed.").

Vagaries appear as courts test the bounds of "same criminal episode." In *Hude*, for instance, the Court found one episode from eight sales over four months. Today I find separate episodes from two sales in four days. The problem in its extreme is illustrated by Judge McEwen's dissent in *Commonwealth v. Stewart*, 325 Pa.Super. 465, 473 A.2d 161 (1984). There Judge McEwen compares the facts of that case with those of the (unrelated) Supreme Court case, *Commonwealth v. Stewart*, 493 Pa. 24, 425 A.2d 346 (1981). On facts under Judge McEwen's analysis strikingly similar, different relief results. In the Superior Court case, denial of the defendant's motion to dismiss is affirmed; in the Supreme Court case, judgment of sentence is reversed and the defendant dismissed.

The problem is exacerbated where, as here, the offenses could arguably have been joined for trial. Under Rule 1127:

Offenses charged in separate indictments or informations may be tried together if: (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P., Rule 1127, 42 Pa.C.S.A. *See Commonwealth v. Taylor*, 299 Pa.Super. 113, 121, 445 A.2d 174, 182 (1982) (explaining that the later transaction could be admissible to explain discussions at the earlier sale; similarly, at trial for second sale, Commonwealth could refer back to first sale to explain how second sale was arranged). Section 110 seem-

ingly anticipates a presumptive joinder. Under that section, the Commonwealth having joined the offenses [5] need only request the court grant separate trials. 18 Pa.C.S.Sec. 110(1)(ii).

Confusion will continue until such time as we draw a line between when Commonwealth may and when it must seek joinder.[6] *See Commonwealth v. Slyman*, 334 Pa.Super. 415, 483 A.2d 519 (1984) (upholding consolidation of six informations for sales over a two-month period); *Commonwealth v. Taylor*, 299 Pa.Super. 113, 445 A.2d 174 (1982) (two drug sales in two months); *Commonwealth v. Fiorini*, 257 Pa.Super. 185, 390 A.2d 774 (1978) (five drug sales in a "series of clandestine meetings").

The lower court, ruling on Commonwealth's motion to reconsider, relied upon this Court's decision in *Commonwealth v. Webster*, 323 Pa.Super. 164, 470 A.2d 532 (1983). That case involved multiple actors on multiple charges. Defense had moved to consolidate the charges by actor; Commonwealth sought joinder of defendants by alleged offense. The trial court denied appellant's request that all charges against her be consolidated in one trial. A panel of this Court affirmed.

*Webster* dealt with a trial court's discretion in awarding separate trials under Sec. 110. The case at bar deals with the Commonwealth's failure to move for joinder. *Webster* does not control our decision today. Some clarification of that decision, however, is necessary. In *Webster*, the Court seeking to distinguish *Hude* purported to limit that case to its facts. Limitation of the Supreme Court's holding must, of course, be accomplished by that Court. Other panels of

---

**5.** Prosecution, not defense, has the burden of seeking consolidation. *See Commonwealth v. Stewart*, 493 Pa. at 29, 425 A.2d at 349–350.

**6.** Commonwealth, in its letter-brief, has suggested several tests. I agree with appellant that, as Sec. 110 specifically requires consolidation even if the subsequent prosecution is based on different facts or a different provision of the statutes, "different evidence," "different police officers" and "different provisions" are insufficient factors. There will always be differences, witnesses, time, place, etc., between any two prosecutions. To hold that can be no consolidations for those differences is to gut *Campana* and Sec. 110.

our Court have endorsed, and even extended, the holding in *Hude. See Commonwealth v. Abbott,* 319 Pa.Super. 479, 466 A.2d 644 (1983); *Commonwealth v. Gaerttner,* 316 Pa.Super. 183, 462 A.2d 855 (1983).

I would affirm the order below.