631 A.2d 1305

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Roosevelt E. McPHAIL.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1993.

Filed Aug. 20, 1993.

Reargument Denied Oct. 26, 1993.

104

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for Com., appellant.

Shelley Stark, Public Defender, Pittsburgh, for appellee.

Before DEL SOLE, FORD ELLIOTT and CERCONE, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the order of January 30, 1992, entered in the Court of Common Pleas, Allegheny County, dismissing three drug charges arising from an alleged cocaine sale to an undercover narcotics officer in Allegheny County. We reverse the trial court order dismissing the instant charges pursuant to 18 Pa.C.S.A. § 110.

A review of the record and history of the case is necessary. In May of 1990, Trooper Donald Alston, an undercover narcotics agent for the Pennsylvania State Police, was introduced to appellee by a confidential informant. (Notes of testimony, 1/3/92 at 31.) Near the end of May, Officer Alston bought

cocaine from appellant in Washington County during a controlled drug deal. The confidential informant who had introduced the officer to appellee was present during the first buy. (Notes of testimony, 1/3/92 at 31–32.) The second buy occurred "a day or so prior to June 27." The second drug transaction also took place solely in Washington County and involved cocaine. (Notes of testimony, 1/3/92 at 34, 47.) Because Officer Alston wanted to target the bigger dealers, he inquired, during the course of this second buy, as to how he could obtain a larger amount of cocaine. Appellee informed the officer that the desired amount of cocaine was not available in Washington County and that they would have to go to Clairton, in Allegheny County, to get that amount of cocaine. They completed the second buy and agreed to go to Clairton the following day, June 27, 1990. (Notes of testimony, 1/3/92 at 15–16, 47–48.)

On June 27th Officer Alston, appellee, the confidential informant, and another individual, Anthony Illessee, traveled in a car to Clairton in Allegheny County. During this third drug deal, the *possession, sale, and subsequent delivery* to Officer Alston occurred *only in Allegheny County.* The exchange of cocaine occurred outside of an apartment building in Clairton. Officer Alston purchased 4.33 grams of cocaine from appellee for $500. (Notes of testimony, 1/3/92 at 11, 16–18, 30, 47, 51.) *See also* Affidavit for Criminal Complaint, 10/4/90.

Subsequently, appellee was charged and arrested for delivery of a controlled substance and criminal conspiracy for the two violations that occurred in Washington County.[1] When he

1. The record in this case does not include the criminal complaint related to the charges filed in Washington County. However, after a complete review of the transcript, it is clear that a delivery charge and a conspiracy charge were filed in Washington County, and these charges arose from the first two sales in Washington County. The conspiracy charge *related only to the first drug sale in Washington County. The conspiracy did not extend to all of the sales nor did it include the one that occurred in Allegheny County.* With respect to the first sale only, appellee and a co-defendant were charged with conspiracy. (Notes of testimony, 01/03/92 at 36–37, 51–52.) *See also* appellee's brief at 4. The delivery charge filed in Washington County related to the second sale. (Notes of testimony, 01/03/02 at 34.) Hence, the

was in jail for the Washington County offenses, he was then arrested and charged for the alleged crimes that arose in Allegheny County as a result of the third buy in Clairton. These charges (at issue in the case at bar) include one count each of possession of a controlled substance,[2] possession with intent to deliver a controlled substance,[3] and delivery of a controlled substance.[4] *See* Criminal Complaint. Appellee pleaded guilty to the Washington County charges and was sentenced. (Notes of testimony, 1/3/92 at 24.)

On September 6, 1991, appellee filed an omnibus pre-trial motion seeking to quash the instant charges on the basis that these charges were barred by the double jeopardy clauses of both the state and federal constitutions and 18 Pa.C.S.A. §§ 109 and 110. The trial court held a hearing and reviewed briefs on appellee's motion to quash and issued an order dismissing the instant charges pursuant to 18 Pa.C.S. § 110. The order granting the motion to quash is now before us for disposition. We reverse.

 Initially, we note that in reviewing the trial court's ruling that the instant prosecution was barred by § 110, this court must determine whether the record supports the factual findings of the court, and the legitimacy of the inferences and legal conclusions drawn therefrom. *Commonwealth v. Savage*, 403 Pa.Super. 446, 589 A.2d 696 (1991), *appeal denied*, 529 Pa. 633, 600 A.2d 953 (1991). In order to review the trial court's order, we must first analyze the statute in question. Title 18 Pa.C.S.A. § 110 provides in pertinent part:

**When prosecution barred by former prosecution for different offense:**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is

Washington County charges did not cover or address in any way the third drug sale which occurred solely in Allegheny County.

2. 35 Pa.S.A. § 780–113(a)(16).

3. 35 Pa.S.A. § 780–113(a)(30).

4. 35 Pa.S.A. § 780–113(a)(30).

based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial *and was within the jurisdiction of a single court* unless the court ordered a separate trial of the charge of such offense; . . . .

18 Pa.C.S.A. § 110 (emphasis added).

This rule of compulsory joinder is intended to protect the accused from governmental harassment and also, as a matter of judicial administration and economy, to ensure finality without unduly burdening the judicial process by repetitious litigation. *Commonwealth v. Starr*, 416 Pa.Super. 250, 610 A.2d 1066 (1992), *appeal granted*, 533 Pa. 633, 621 A.2d 580 (1993), *quoting Commonwealth v. Walton*, 405 Pa.Super. 281, 285, 592 A.2d 335, 337 (1991).

For the purposes of this case, it is critical to recognize that § 110(1)(ii) requires a four-part inquiry. First, we must determine whether the Washington County prosecution resulted in an acquittal or conviction. Next, it is necessary to establish that the instant prosecution was based upon the same conduct or arose from the same criminal episode as the Washington County offenses. In addition, the prosecutor must have been aware of the later charges before the commencement of the first trial. Finally, it is also essential to establish that the instant prosecution and the former prosecution were within the jurisdiction of a single court. *See Commonwealth v. Nichelson*, 294 Pa.Super. 438, 445, 440 A.2d 545, 549 (1982), *quoting Commonwealth v. Harris*, 275 Pa.Super. 18, 23–24, 418 A.2d 589, 592 (1980) (statutory qualification of § 110 is

that first offense and subsequent offense must have been within jurisdiction of a single court).

This appeal turns on the last phase of the analysis. Although we concede that the other requirements of § 110 were satisfied, the final requirement was not satisfied because Allegheny County, and not Washington County, had jurisdiction over the drug transaction in Clairton. Therefore the first offenses in Washington County and the subsequent offense in Allegheny County were not within the jurisdiction of a single court. As a result, § 110 should not bar the instant prosecution.

■ A review of the trial court opinion and the briefs of the parties suggests that there was a good deal of confusion regarding this issue. Hence, we believe that a precise reading of the statute and the relevant case law is necessary to resolve the § 110 issue where two different counties are involved. Initially, we note that there is no doubt that the former prosecution in Washington County resulted in a guilty plea to conspiracy as to the first drug sale in Washington County. The scope of the conspiracy did not extend to any offenses beyond the first offense in Washington County. In addition, appellee also pleaded guilty to a delivery charge as to the second drug transaction which occurred on approximately June 26th in Washington County. It is clear that a guilty plea constitutes a conviction for the purposes of precluding further prosecution pursuant to 18 Pa.C.S.A. § 110. *Commonwealth v. Caden*, 326 Pa.Super. 192, 473 A.2d 1047 (1984). As a result, appellee satisfied the first part of the analysis.

■ We also acknowledge that the second and third prongs of the test were established as well. The prosecutor knew about the Allegheny County charges before accepting the guilty plea as to the Washington County charges. Appellee was charged with the former while he was in jail on the latter, and the parties have not denied this knowledge. Also, we recognize that the third drug transaction, which occurred in Allegheny County, arose from the same criminal episode as the earlier transactions in Washington County. In arriving at

this conclusion we have considered: (1) the temporal sequence of events; (2) the logical relationship between the acts; and (3) whether they share common issues of law and fact. Two separate offenses may constitute the same criminal episode if one offense is a necessary step toward the accomplishment of a given criminal objective or if additional offenses occur because of an attempt to secure the benefit of a previous offense or conceal its commission. *Starr, supra,* 416 Pa.Super. at 256, 610 A.2d at 1068.

The decision in *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983), further explains our conclusion. In *Hude, supra,* the defendant was arrested and charged with twenty counts of possession and delivery of marijuana and one count of corruption of a minor. The charges arose out of a series of sales to the same individual which were alleged to have occurred on twenty separate days within a two and one-half month time period. Nine of the possession and delivery charges were dismissed prior to trial. The Commonwealth brought the defendant to trial on three of the remaining possession and delivery charges and on the corruption charge. He was acquitted of these charges. Subsequent to the acquittal of the above charges, the Commonwealth brought appellant to trial on the remaining eight possession and delivery charges.

The supreme court held that the drug charges brought against the defendant after his initial acquittal arose from the same criminal episode since they were so logically interrelated that they essentially involved the same issues of law and fact. As a result, the court concluded that § 110 was violated by the second drug trial and the defendant was therefore entitled to relief. *See also Commonwealth v. Kaminski,* 342 Pa.Super. 37, 492 A.2d 51 (1985) (sales arose from the same criminal episode where they involved the same type of contraband, they were made to a single individual and the elapsed time between the sales was three days).

A subsequent and more recent decision of this court, *Starr, supra,* is distinguished. The defendant in *Starr* sold 25 grams of marijuana to one undercover agent for $175 on January 24,

1989. Approximately two weeks later, the defendant sold 26.7 grams of marijuana to a different undercover officer for $180. The court concluded that § 110 did not bar the trial on the second set of charges. According to the court, the tangential relationship between the transactions charged in each information was not the type of logical relationship that would require a single trial. The transactions charged in each information differed as to participants, locations, timing, quantity, and cost; and there was no evidence of a continuing undercover investigation by one team of prosecutorial agents.

■ The *Hude* and *Kaminski* decisions, rather than *Starr*, *supra*, control the instant case. The third sale in Clairton arose from the same criminal episode as the two earlier sales in Washington County. The sales were logically and temporally related. They were made to the same undercover officer; involved the same type of drug—cocaine; occurred in the presence and with the assistance of the same confidential informant; and transpired over a one-month time period. The second sale in Washington County occurred approximately a day before the third sale in Allegheny County. There is no doubt that *Hude* and *Kaminski* control the simple question as to whether the Allegheny County drug sale and the Washington County drug sales arose from the same criminal episode. We acknowledge that they most certainly did arise from a common criminal episode.

■ However, appellee erred because he ended his analysis at this point. In a multi-county scenario, the statute absolutely requires a final step. We must also evaluate whether the first prosecution and the subsequent prosecution were within the jurisdiction of a single court. The strong relationship of the subsequent prosecution and the former prosecution does not somehow negate the final part of the analysis. Section 110(1)(ii) specifically requires the proponent to demonstrate fulfillment of all of the preconditions, and unless all four are established there is no bar to the later prosecution.

■ Hence, the critical question is whether the three Allegheny County charges: possession of a controlled substance,

possession with intent to deliver and delivery of a controlled substance and the former charges in Washington County, namely, delivery and conspiracy, were "within the jurisdiction of a single court" for the purposes of § 110(1)(ii). In order to answer this question, we must first determine where the locus of the three charges in Allegheny County was situated.[5]

It is a fundamental precept of law that " 'the court has no jurisdiction of the offense unless it occurred within the county of trial ...' " *Caden, supra,* 326 Pa.Super. at 198, 473 A.2d at 1049, *quoting Commonwealth v. Mull,* 316 Pa. 424, 426, 175 A. 418, 419 (1934). The locus of a crime is always in issue, because the court has no jurisdiction over an offense unless it occurred within the county of trial or unless, by some statute, it need not. *Commonwealth ex rel. Chatary v. Nailon,* 416 Pa. 280, 283, 206 A.2d 43, 45 (1965). For a county to take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county. *Commonwealth v. Boyle,* 516 Pa. 105, 532 A.2d 306 (1987). Moreover, in order to base jurisdiction on an overt act, the act must have been essential to the crime, an act which is merely incidental to the crime is not sufficient. *Id.* at 112–113, 532 A.2d at 309–310. We must also look to the nature of the offense and the elements thereof to determine whether the crime was sufficiently related to the locus where the defendant

5. Both the trial judge and appellee concluded at various times during the hearing that a charge of conspiracy was involved with respect to the third drug sale in Allegheny County. However, our review of the record does not support this conclusion. Conspiracy was never charged in Allegheny County. Furthermore, although there was a conspiracy charge filed in Washington County, this related only to the first drug transaction which began and ended in Washington County. *This conspiracy count did not extend to any of the other transactions and most specifically did not extend to the transaction in Clairton.*

This point becomes particularly relevant to the jurisdictional analysis because despite the fact that the parties agreed to travel to Clairton to purchase the larger quantity of drugs, the arrangement did not somehow vest Washington County with subject matter jurisdiction over the drug sale in Clairton. If conspiracy had been charged in Allegheny County, it is conceivable that Washington County could have had jurisdiction over the conspiracy. However, conspiracy was never charged in Allegheny County as to the third sale.

is being prosecuted. *Id. citing United States v. Anderson,* 328 U.S. 699, 703; 66 S.Ct. 1213, 1216, 90 L.Ed. 1529 (1946).

This court has held on numerous occasions that § 110 does not apply to a situation where an initial prosecution occurred in one county and the prosecutor in another county attempts to prosecute the same defendant for related acts arising from the same criminal episode but occurring solely in a different county. For example in *Nichelson, supra,* the defendant was charged and convicted of a variety of offenses in Philadelphia County including conspiracy to commit kidnapping, robbery, aggravated assault, forgery and murder. He was subsequently prosecuted in Chester County for criminal attempt homicide, aggravated assault, robbery, theft, receiving stolen property, violation of the Uniform Firearms Act, possession of instruments of crime, and conspiracy to commit all of these charges.

The defendant moved to dismiss the charges on the basis that the Chester County prosecutions were barred by the Philadelphia County prosecution, pursuant to 18 Pa.C.S.A. § 110. The trial court granted the motion with respect to the charges of criminal conspiracy and criminal attempted murder, and denied the motion with respect to the substantive offense. This court affirmed, holding that § 110 requires that the offenses must have been within the jurisdiction of a single court; that the charges in each county were properly brought in the county having jurisdiction over the respective offenses; and that § 110 was inapplicable to such a situation, regardless of the relationship of the offenses. *See, e.g., Harris, supra* (Montgomery County prosecution was not barred by defendant's earlier conviction in Philadelphia County arising from same episode); *Caden, supra,* (section 110 inapplicable where Montgomery County lacked jurisdiction over the offenses that occurred in Delaware County); *Commonwealth v. Simeone,* 222 Pa.Super. 376, 294 A.2d 921 (1972) (defendant's acquittal on charges of burglary, larceny, and receiving stolen goods in Philadelphia County does not bar a subsequent prosecution for similar offenses in Bucks County).

In the instant case, we must look to the nature of the three offenses in Allegheny County and the elements of those offenses to determine the locus of the crimes. The possession offense involves "knowingly or intentionally possessing a controlled substance" by a person not registered to do so. 35 Pa.C.S.A. § 780-113(a)(16). Possession with intent to deliver includes the aforementioned elements and also requires the simultaneous intent to deliver the controlled substance. 35 Pa.C.S.A. § 780-113(a)(30). In addition, the delivery offense involves delivery of a controlled substance by a person not registered under the Controlled Substance, Drug, Device and Cosmetic Act, to another individual. 35 Pa.S.A. § 780-113(a)(30).

A complete review of the record in this case indicates that the locus of the three charges arising from the June 27th sale in Clairton was situated only in Allegheny County. Appellee possessed the drugs in Allegheny County. Furthermore, the "delivery" of the drugs from appellee to Officer Alston occurred within the boundaries of Allegheny County. There is absolutely nothing in the record to demonstrate that the elements of these offenses occurred anywhere other than Allegheny County. More importantly, there is no testimony whatsoever to support the proposition that the possession, the possession coupled with the intent to deliver, or the delivery occurred in Washington County. The mere fact that the parties planned their third buy in Washington County and traveled in the car from Washington County to Allegheny County and back again, does not vest Washington County with jurisdiction in this case. Neither the arrangements nor the traveling are elements of any of the offenses charged. Although we have conceded that this relationship is relevant in determining whether the offenses in Allegheny County arose from a common criminal episode as the Washington County offenses, that relationship has no bearing on the jurisdictional issue.

In closing we note that appellee has relied upon two cases, *Commonwealth v. Moyers*, 391 Pa.Super. 262, 570 A.2d 1323 (1990), and *Commonwealth v. Craft*, 304 Pa.Super. 494, 450

A.2d 1021 (1982), in arguing that the act of getting in the car in Washington County was a "sufficiently overt act" to confer jurisdiction on Washington County. We disagree and further believe that reliance upon these two cases is misplaced. Both *Moyers* and *Craft* involved conspiracy allegations. We do not have a conspiracy allegation in the instant case with regard to the Allegheny County offenses and the cases are distinguished based upon this difference. Furthermore, neither case dealt with a § 110 issue, but rather involved § 903(d)(2)(i) which is not at issue in this case and is relevant only in resolving the jurisdictional issue in a conspiracy case.[6]

In the *Moyers* case, the court interpreted § 903(d)(2)(i) and held that the defendant's act of driving the informant to Lebanon County in order to accomplish the goal of procuring cocaine was an overt act in furtherance of the conspiracy. The court determined that jurisdiction was proper in Lebanon County despite the fact that the conspiracy to deliver the cocaine was formed in Dauphin County. Also, in *Craft, supra,* this court held that when two coconspirators commenced driving from Crawford County to Armstrong County for the purposes of completing their criminal plan, they "took steps in Crawford County in furtherance of the conspiracy." This act was considered sufficiently overt to establish jurisdiction in Crawford County.

However, the holdings of these cases are limited to an analysis under § 903(d)(2)(i) and they do not apply to a § 110 analysis. In the instant case, there was no conspiracy alleged in Allegheny County with respect to the third drug sale. Moreover, the conspiracy charge filed in Washington County related only to the first drug transaction which began and ended in Washington County. This conspiracy count did not extend to the other two drug transactions and most specifically it did not extend to the instant transaction in Clairton, Allegheny County. Hence, the holdings of *Moyers* and *Craft*

---

6. Section 903(d)(2)(i) of the Crimes Code provides in pertinent part "no defendant shall be charged with a conspiracy in any county other than one in which he entered into such conspiracy or in which an overt act pursuant to such conspiracy was done by him or by a person with whom he conspired...." 18 Pa.C.S.A. § 903(d)(2)(i).

are limited to a scenario involving a conspiracy charge. The fact that the parties got in the car in Washington County and traveled to Allegheny County is incidental rather than essential with respect to the specific elements of the crimes charged in Allegheny County, i.e., possession, possession with intent to deliver, and delivery.

Furthermore, the simple fact that the parties made plans in Washington County for the June 27th sale in Allegheny County is not directly relevant to determining the locus of the crimes in Clairton. The actual possession coupled with the intent to deliver and the delivery all occurred in Allegheny County. These were the overt and essential acts, hence Allegheny County is the only county with jurisdiction over the instant action.

In closing, we also note that the trial court's reliance upon *Commonwealth v. Katsafanas*, 318 Pa.Super. 143, 464 A.2d 1270 (1983), is misplaced. Once again, the *Katsafanas* case did not involve a § 110 issue. In *Katsafanas* the defendants were charged with rigging the state lottery. The court held that although the criminal activity occurred in numerous places throughout the state, the functioning of the state computer was essential to the entire operation. The computer was located in Dauphin County; the predetermined number 666 was programmed into the computer in Dauphin County; and all computer-based data relating to purchases, odds, and authorization of payments originated in Dauphin County. Thus, venue in Dauphin County was among the places of proper venue if the computer was essential to the elements of the crime. The court also held that Dauphin County was not the only correct venue, that venue was proper where other acts pertaining to this crime had been committed.

We agree with appellant that *Katsafanas* is distinguishable from the instant case because there was no overt act in Washington County in furtherance of the substantive offenses. Furthermore, the instant case does not involve a complicated jurisdictional analysis like *Katsafanas* where the court had to consider the venue question in the context of a vast statewide computer network. Rather, the analysis here is quite simple.

The possession and the delivery occurred solely in Allegheny County. Hence, § 110 does not present a bar to this action because Washington County could not assert jurisdiction over the instant offenses.

Accordingly, order reversed. Motion to quash denied. Jurisdiction relinquished.

DEL SOLE, J., files a dissenting Statement.

DEL SOLE, Judge, dissenting:

I disagree with my esteemed colleagues' analysis concerning the jurisdictional issue, and would affirm the trial court order dismissing the charges which were brought against Appellant in Allegheny County.

According to 18 Pa.C.S.A. § 903(d)(2)(i), the Washington County Court of Common Pleas *could* have had jurisdiction, had the conspiracy count been charged. I believe that the phrase "within the jurisdiction of a single court" refers to whether a court *could* have had jurisdiction, and not whether it did in fact have jurisdiction, for the purposes of § 110(1)(ii). I do not think we should permit the application of § 110 to be controlled by which crimes are charged.

Because the offenses in the instant case arose from a common criminal episode, and because both the Washington County and Allegheny County Courts of Common Pleas *could* have had jurisdiction over the matter, I would find that all four requirements of § 110(1)(ii) have been met, thereby warranting dismissal of the instant charges in Allegheny County. Accordingly, I respectfully dissent.