**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**John Ryan KIRKLAND, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 19, 1997.

Filed Aug. 28, 1997.

Jeffry S. Pearson, Norristown, for appellant.

---

* Retired Justice assigned to Superior Court.

Mary M. Killinger, Executive Asst. Dist. Atty., Norristown, for Commonwealth, appellee.

Before McEWEN, President Judge, and CAVANAUGH and MONTEMURO,* JJ.

MONTEMURO, Judge.

John Kirkland appeals from the judgment of sentence imposed following his conviction at a non-jury trial of possession with intent to deliver cocaine, 35 P.S. § 780–113(a)(30), possession of cocaine, 35 P.S. § 780–113(a)(16), and criminal conspiracy, 18 Pa. C.S. § 903(a)(1). We affirm.

The trial court has aptly summarized the facts of this case as follows:

On November 20, 1995, Montgomery County Narcotics Enforcement Team Detective Anthony Spagnoletti, working undercover, negotiated with appellant/defendant John Kirkland, a.k.a. "Pooch," to purchase five (5) pounds of marijuana and five (5) ounces of cocaine for $10,000.

On November 22, 1995, at approximately 3:30 p.m., Detective Spagnoletti, along with a confidential informant, met the appellant at the Cheltenham Square Mall in Montgomery County. The confidential informant proceeded into the mall where he was observed by the surveillance team and met with the appellant at the designated location within the mall. The appellant was observed carrying a black bag. After a brief discussion the two proceeded through the mall, stopping at one point to allow the confidential informant to examine the contents of the bag.

The appellant and the confidential informant emerged from the mall and approached Detective Spagnoletti's car located in the mall parking lot. After Detective Spagnoletti showed the appellant the $10,-000, the appellant informed Spagnoletti that he did not personally have the cocaine but that his "boy" had it inside the mall. The appellant informed Detective Spagnoletti that the exchange would happen across the street at the Mobil station, located in Philadelphia County. The appellant left the parking lot and returned to

the mall where surveillance was broken. The appellant was then spotted at the Mobil station approximately ten (10) to fifteen (15) minutes later. Detective Spagnoletti proceeded to the Mobil station as instructed where he noticed the appellant and another individual, Terrell Griffin, approach his car, each carrying a McDonald's bag. Undercover officers then attempted to execute an arrest, however, the appellant dropped the bag and fled. After a short chase the defendant was apprehended and the McDonald's bag, containing 123.58 grams of cocaine, was recovered.

(Trial Ct. Op. at 1–2) (citations omitted).

Following Appellant's conviction at trial, the court ordered a pre-sentence investigation report and the Commonwealth sent notice invoking the mandatory minimum sentence, pursuant to 18 Pa.C.S. § 7508(a)(3)(iii). On August 15, 1996, Appellant was sentenced to the mandatory minimum term of four to ten years imprisonment for possession with intent to deliver and a consecutive term of two years probation for criminal conspiracy. The possession charge merged for purposes of sentencing. Appellant filed post-sentence motions, which were denied, and this appeal followed.

■ In the one issue raised on appeal, Appellant challenges the sufficiency of the evidence to support his conviction, arguing that the Montgomery County court lacked proper jurisdiction to try the case because "the sole evidence of Kirkland's possession of cocaine indicates that the cocaine was possessed within Philadelphia County." (Appellant's Brief at 9). Unfortunately for Appellant, the Pennsylvania Supreme Court specifically rejected the jurisdictional argument he presents and reversed the single case upon which he relies in support of his claim. *See Commonwealth v. McPhail,* 429 Pa.Super. 103, 631 A.2d 1305 (1993), *reversed,* 547 Pa. 519, 692 A.2d 139 (1997).

In *McPhail,* the defendant sold cocaine to an undercover agent on four separate occasions, three times in Washington County and once in Allegheny County. *McPhail,* 547 Pa. at 521–22, 692 A.2d at 140. Charges were filed in both counties for the offenses which took place therein. *Id.* McPhail pled guilty to the offenses in Washington County, then moved to dismiss the charges in Allegheny County on the basis that the subsequent prosecution was barred by the conviction in the first proceeding pursuant to the mandates of 18 Pa.C.S. § 110.[1] *Id.* The trial court granted the motion, but the Superior Court reversed, although both courts agreed that all the offenses formed a single criminal episode. *Id.* at 521–24, 692 A.2d at 140–41. Our Supreme Court allowed an appeal in order to determine whether all the offenses were within the jurisdiction of a single court.

The Supreme Court reversed this Court, concluding that when multiple charges bear a close logical and temporal relationship, a single criminal episode exists and all charges are within the jurisdiction of a "single" court and should have been joined in a single trial in one county, despite the fact that some of the charges arose in a different county. The *McPhail* Court stated:

> The two counties are not separate sovereigns and do not derive their power to try drug felony cases from independent sources of power. Their subject matter jurisdiction flows from the sovereign Commonwealth of Pennsylvania and is not circumscribed by territorial limits. Territorial applicability of the crimes code refers strictly to conduct occurring inside or outside of Pennsylvania, not to the county in which conduct occurred. 18 Pa.C.S. § 102.

*Id.* at 525–26, 692 A.2d at 142. The court went on to explain that *"the place of trial, whether within or without the county where the alleged crime occurred, is a matter of venue, not jurisdiction, ...* [and] trial in a county other than the one where the offense

---

1. 18 Pa.C.S. § 110 bars subsequent prosecution where a former prosecution resulted in a conviction or an acquittal and the subsequent prosecution is for:

    (ii) **any offense based on the same conduct or arising from the same criminal episode,** if such

offense was known to the appropriate prosecuting officer at the time of commencement of the first trial and was *within the jurisdiction of a single court* unless the court ordered a separate trial of the charge of such offense.... 18 Pa.C.S. § 110(1)(ii)(emphasis added).

occurred is not constitutionally prohibited [; but] ... is a mechanism which must be used sparingly, to prohibit dragging the accused all over the commonwealth and burdening him with an expensive trial at the whim of the prosecution." *Id.* at 529, 692 A.2d at 144(emphasis added) (footnote omitted).

The holding in *McPhail* clarifies that the courts of both counties would have *subject matter jurisdiction* over the criminal proceedings. Appellant's claim that the Court of Common Pleas of Montgomery County lacked jurisdiction to try the case must fail. The appropriate inquiry, therefore, is which county is the *proper venue* for trial based upon the locus of the crime and the burden to an accused in defending in that forum when criminal conduct, related both logically and temporally, and which occurs throughout several counties of the Commonwealth, gives rise to multiple charges such that compulsory joinder under 18 Pa.C.S. § 110 is applicable.

Here, Appellant was charged with and convicted of conspiracy to possess cocaine with the intent to deliver, as well as possession with the intent to deliver the substance illegally. Appellant conducted phone conversations with a Montgomery County detective in order to arrange the drug deal, arranged for the deal to take place in Cheltenham Square Mall, met with the confidential informant within the mall shopping area and with the detective in the mall parking lot in order to verify that the money was available, informed the detective that his "boy" was in the mall with the cocaine, scheduled the exchange for fifteen minutes later, and then reentered the mall. All of these events occurred in Montgomery County. The only event which occurred in Philadelphia County was the attempted exchange of the cocaine for the previously agreed upon and verified money. This evidence is sufficient to conclude beyond a reasonable doubt that Appellant and his cohort had possession of the cocaine within Montgomery County.

We note, however, that even if we had determined that possession occurred only in Philadelphia, the possession and delivery were simply the consummation of a single criminal episode and, as such, required that all charges be tried before a single tribunal in a single prosecution. The majority of the conduct occurred in Montgomery County; it was mere coincidence that the attempted exchange at the Mobil station across the street from the mall was in Philadelphia County. Appellant chose Montgomery County as his base for arranging and scheduling his illegal drug trafficking activity; thus, we find there was no burden in defending his actions before the courts of that county. Venue was proper in Montgomery County.

Judgment of sentence affirmed.