**COMMONWEALTH of Pennsylvania**

v.

**Samuel F. CADORA, Appellant.
(Two Cases).**

Superior Court of Pennsylvania.

Submitted June 12, 1997.
Filed Nov. 26, 1997.

John Petorak, Jr., Asst. Public Defender, Scranton, for appellant.

Anthony J. Magnotta, Asst. Dist. Atty., Hawley, for Com., appellee.

Before KELLY, SCHILLER and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a September 13, 1996 order denying appellant's motion to dismiss informations charging various violations of the Controlled Substance, Drug, Device, and Cosmetic Act. Appellant, Samuel F. Cadora, raises the following issue for our review:

> Whether the "jurisdiction of a single court" language of 18 Pa.C.S. § 110 deals with the competency of a court to hear a matter as opposed to venue?

*See* Appellant's Brief at 3.

Appellant was arrested on February 15, 1996 and charged with two counts of delivery of a controlled substance[1] and two counts of possession of a controlled substance,[2] arising out of two incidents occurring in Wayne County. Appellant had previously been arrested for similar charges in Luzerne County

---

1.  35 P.S. § 780–113(a)(30).

2.  35 P.S. § 780–113(a)(16).

on July 27, 1995, and in Lackawanna County on May 24, 1995, based on the same criminal episode.

On or about February 26, 1996, before the Court of Common Pleas of Luzerne County, appellant pled guilty to two counts of criminal conspiracy,[3] two counts of delivery of a controlled substance, and two counts of possession of a small amount of marijuana.[4] On March 26, 1996, the trial court of Luzerne County sentenced appellant to twenty-three (23) months probation, the first six (6) months in home confinement.

On August 29, 1996, appellant filed a motion to dismiss the Wayne County informations, arguing that the prosecution in Wayne County is barred under 18 Pa.C.S. § 110 because of the former prosecution in Luzerne County. On September 12, 1996, the trial court denied the motion to dismiss, reasoning that the instant prosecutions and the former prosecutions do not fall within the jurisdiction of a single court. Appellant contends that he has met all the requirements of 18 Pa.C.S. § 110 and therefore his prosecution in Wayne County is barred. This timely appeal followed.

■ Our supreme court has stated that: Section 110(1)(ii) will only bar the instant prosecutions if: (1) the former prosecutions resulted in an acquittal or a conviction; (2) the instant prosecutions are based on the same criminal conduct or arose from the same criminal episode as the former prosecutions; (3) the prosecutor was aware of the instant charges before the commencement of the trials on the former charges; and (4) the instant charges and former charges were within the jurisdiction of a single court. *Commonwealth v. Bracalielly*, 540 Pa. 460, 470, 658 A.2d 755, 760 (1995)(citing 18 Pa. C.S. § 110(1)(ii)).[5]

■ In the instant case, the parties do not dispute that the first three requirements of Section 110 have been satisfied. *Trial Court Opinion*, 9/26/96 at 3.[6] Appellant claims that he also meets the fourth requirement of Section 110, because the instant charges filed in Wayne County and the former charges in Luzerne and Lackawanna counties were within the jurisdiction of a single court. Specifically, appellant argues that jurisdiction is the competency of a court to hear a matter, and that the legislature did not intend venue to be synonymous with jurisdiction.

Here, the trial court found that the prosecutions were not within the jurisdiction of a single court, basing its decision on *Commonwealth v. McPhail*, 429 Pa.Super. 103, 631 A.2d 1305 (1993), where this Court held that Section 110 does not apply to a situation where an initial prosecution occurred in one county and the prosecutor in another county attempts to prosecute the same defendant for related acts that arose from the same criminal episode but occurred solely in a different county.

■ However, our supreme court, in a plurality decision,[7] recently reversed the deci-

---

3. 18 Pa.C.S. § 903.

4. 35 P.S. § 780–113(a)(31).

5. By barring criminal prosecution for offenses arising from the same criminal episode on which a previous prosecution was based, Section 110 effectively creates a rule of compulsory joinder. *Id.* at 470, 658 A.2d at 759–60. "By requiring compulsory joinder of all charges arising from a single 'transaction,' a defendant need only once 'run the gauntlet' and confront the 'awesome resources of the state.'" *Id.* (quoting *Commonwealth v. Campana*, 452 Pa. 233, 251, 304 A.2d 432, 440 (1973)).

6. The fact that appellant pled guilty and was convicted of similar charges in Luzerne County is enough to meet the first requirement. N.T.

9/12/96 at 4. Furthermore, because the instant prosecution involved the same informant and the same undercover agent for a period of approximately three months, the "single criminal episode" requirement has been satisfied. Id. at 4–5. Finally, the prosecutor in Luzerne County was aware of the charges in Wayne County at the time of the conviction in Luzerne County for similar charges. Id.

7. The decision in *Commonwealth v. McPhail*, 547 Pa. 519, 692 A.2d 139 (1997), was rendered by a six member court. The Opinion Announcing the Judgment of the Court was authored by Chief Justice Flaherty and joined only by Justice Zappala. Justice Cappy authored a separate concurring opinion, while Justice Nigro merely concurred in the result. Justice Newman authored a dissenting opinion, which Justice Castille joined.

sion of this Court in *McPhail,* holding that the instant and the former charges in that case ·were within the jurisdiction of a single court for the same criminal episode, even though they occurred in different counties, because "counties are not separate sovereigns and do not derive their power to try ... drug cases from independent sources of power." *Commonwealth v. McPhail,* 547 Pa. 519, 692 A.2d 139, 142 (1997). Therefore, "[t]heir subject matter jurisdiction flows from the sovereign Commonwealth of Pennsylvania and is not circumscribed by county territorial limits." *Id.*

In reaching its determination, the supreme court analyzed the Pennsylvania Constitution, specifically Article V Section 5, which states in pertinent part that "[t]here shall be one Court of Common Pleas for each judicial district ... having unlimited original jurisdiction in all cases except as may otherwise be provided by law." *Id.* at 523, 692 A.2d at 141. The supreme court also noted that the Pennsylvania legislature further refined the constitutional grant of jurisdiction to the Court of Common Pleas with 42 Pa.C.S. § 931, which states that "the Court of Common Pleas has unlimited original jurisdiction in all cases, actions and proceedings, and is thus empowered ... to decide any matter arising under the laws of this Commonwealth." *Id.*

In light of the supreme court decision in *McPhail* and prior statements by the supreme court on the effect of a guilty plea,[8] we find that appellant has satisfied all the elements of Section 110, and therefore could have been tried for the charges of all three counties in one single common pleas court.[9] Accordingly, we find that the trial court erred in denying appellant's motion to dismiss the Wayne County informations because that prosecution is barred by the former Luzerne County prosecution.

Accordingly, the order of the trial court is reversed and appellant is discharged.

Reversed. Appellant discharged.

SCHILLER, J., files a Concurring Opinion.

SCHILLER, Judge, concurring:

Although I join in the majority's decision, I write separately to state my view that the result dictated by the plurality in *Commonwealth v. McPhail,* 547 Pa 519, 692 A.2d 139 (1997), creates both a windfall for defendants and a potential impediment to the efficient administration of justice. These detrimental effects are wrought without any concomitant benefit to the citizenry of this Commonwealth.

Although I do not take issue with the jurisdictional analysis employed by the *McPhail* plurality,[1] I do question the apparent underlying tenet that Section 110 applies when the first prosecution is terminated by a guilty plea. This tenet seems to have arisen out of a decision by this Court, *i.e. Commonwealth v. Caden,* 326 Pa.Super. 192, 473 A.2d 1047 (1984), which was accepted at face value by the Supreme Court in *Commonwealth v. Bracalielly,* 540 Pa. 460, 658 A.2d 755 (1995).[2]

---

8. Our supreme court has stated that "[a] guilty plea constitutes a conviction for purposes of pursuing further prosecution pursuant to 18 Pa.C.S. § 110." *Bracalielly,* 658 A.2d at 760 (relying on *McPhail,* 429 Pa.Super. at 106, 631 A.2d at 1307).

9. Furthermore, we find that the Court of Common Pleas of Luzerne County had subject matter jurisdiction over the offenses in Wayne County and there would be no constitutional deprivation suffered by joining all charges resulting from a single criminal episode for trial in one county, as opposed to two or three counties, despite the fact that some of the charges arose in a different county. *McPhail* at 530, 692 A.2d at 145.

1. I must, however, agree with the observation of Justice Newman that the plurality failed to ad-

dress the conflict between its decision and the language employed by a majority of the Court in *Commonwealth v. Conforti,* 533 Pa. 530, 626 A.2d 129 (1993).

2. Ironically, the Supreme Court in *Commonwealth v. Bracalielly,* 540 Pa. 460, 658 A.2d 755 (1995), cited this Court's decision in *Commonwealth v. McPhail,* 429 Pa.Super. 103, 631 A.2d 1305 (1993), [which in turn relied upon *Commonwealth v. Caden,* 326 Pa.Super. 192, 473 A.2d 1047 (1984)] in support of the proposition that a guilty plea is the same as a conviction, but it did not reexamine this issue when it overruled *Commonwealth v. McPhail,* 547 Pa. 519, 692 A.2d 139 (1997). In fact there seems to be a dearth of analysis as to whether a guilty plea is the same as a conviction for purposes of section 110.

If and when the Supreme Court again tackles this issue it may wish to examine this threshold issue. (Query: Does a plea of *nolo contendere* produce the same result as a guilty plea for purpose of Section 110?)

In my view there is a significant difference between guilty plea and a trial which ends in "an acquittal or a conviction." *See* 18 Pa.C.S. § 110. For instance, guilty pleas are effectively always in the control of the defendant, because it is only with his or her consent that the proceedings can occur. Thus, a separate prosecution brought in a separate county following a guilty plea does not present a situation where the "awesome power of the state" is being utilized against the defendant for the purpose of wearing him down.[3]

To apply a compulsory joinder rule in all situations will effectively curtail prosecutors from pleading out small cases in any situation where a bigger case exists in a separate county. In addition, it offers the possibility of the county with the small case having the ability, intentionally or unintentionally, to damage the other prosecutor's ability to prosecute the bigger case.

This issue should be reexamined by the Supreme Court, and hopefully that Court will be able to provide the bench and bar with definitive guidance on this issue.

---

**3.** Although in a given situation it may give rise to meritorious motion to withdraw the guilty plea if the defendant was ill advised about the consequences of his plea.