J-S22008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ANTHONY KOLOVICH, | |
| Appellant | No. 1273 MDA 2016 |

Appeal from the Order Entered June 30, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002136-2014

BEFORE:  SHOGAN, MOULTON, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 25, 2017**

Appellant, Robert Anthony Kolovich, appeals from the order entered June 30, 2016, denying his motion to bar prosecution pursuant to the double jeopardy clauses of the federal and state constitutions, and 18 Pa.C.S. §§ 110 and 111.  This case returns to us after we remanded to have the trial court comply with Pa.R.Crim.P. 587(B) to clarify whether this Court has appellate jurisdiction.  We conclude that we have appellate jurisdiction and affirm.

The trial court summarized the factual background of this case as follows:

> On April 30, 2014, [Appellant] was charged with one count [of] Deceptive or Fraudulent Business Practices (18 Pa.C.S.A. § 4107 (a)(2)) and one count Theft by Deception-False Impression

_____
[*]  Retired Senior Judge assigned to the Superior Court.

(18 Pa.C.S.A. § 3922(a)(l)), both felonies of the third degree,[1] as a result of conduct alleged to have occurred between August 28, 2013[,] and April 29, 2014[,] whereby [Appellant] allegedly obtained and withheld from the alleged victims an amount totaling $3,984.00 promising to purchase and install new windows for said individuals and failing to do so.[2]

[1] [Appellant] also filed a Motion to Quash Information which was granted as to Count I of the Information, (Deceptive Business Practices), and denied as to Count II (Theft by Deception).

[2] [Appellant] was also charged with two counts of Deceptive Business Practices and one count of Theft by Deception to Luzerne County Case Number 2941 - 2014 involving a different victim. A Motion to Bar Prosecution Pursuant to the Double Jeopardy Clause was also filed in that case. Said motion was likewise denied on June 30, 2016 but was not appealed.

On June 18, 2014[,] and July 9, 2014[, Appellant] was similarly charged in Centre County with Home Improvement Fraud, Theft by Deception, and Deceptive Business Practices.[3] Centre County defense counsel filed a Motion for Compulsory Joinder of Criminal Cases in Lycoming, Tioga, Susquehanna, Snyder, Northumberland, York, Bradford, Union, Luzerne, Mifflin and Dauphin [C]ounties to prevent a violation of [Appellant's] Double Jeopardy Protection under the 5th and 14th Amendments of both the State and Federal Constitutions. [Appellant's] motion was denied and [Appellant] was found not guilty on all charges after a jury trial. In addition, after being charged with similar offenses in Sullivan County, all charges were dismissed on March 5, 2015[,] pursuant to Pa.R.Crim.P. 586.[4]

[3] Centre County Information CP-14-CR-1249-2014 and CP-14-CR-1295-2015.

[4] "When a defendant is charged with an offense which is not alleged to have been committed by force or violence or threat thereof, the court may order the case to be dismissed upon motion and a showing that: (1) the public interest will not be adversely affected and (2) the attorney for the Commonwealth consents to the dismissal; and (3) satisfaction has

been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and (4) there is an agreement as to who shall pay the costs."

Trial Court Opinion, 9/29/16, at 1-2.

Appellant filed a motion to bar prosecution pursuant to the double jeopardy clauses and 18 Pa.C.S. §§ 110 and 111 on August 12, 2015. Appellant's motion was denied by order entered June 30, 2016. Appellant filed a notice of appeal on July 25, 2016. Appellant and the trial court complied with Pa.R.A.P. 1925.

On May 11, 2017, this Court filed a memorandum that remanded this matter to have the trial court comply with Pa.R.Crim.P. 587(B) and file a supplemental Pa.R.A.P. 1925(a) opinion. **Commonwealth v. Kolovich**, ___ A.3d ___, 1273 MDA 2016 (Pa. Super. filed May 11, 2017) (unpublished memorandum). On June 30, 2017, the trial court filed a "Findings of Fact, Conclusions of Law, and Supplemental Opinion" in accordance with our directive, and specifically determined "that [Appellant's] Motion to Bar Prosecution was non-frivolous." Findings of Fact, Conclusions of Law, and Supplemental Opinion, 6/30/17, at 1-3. In addition, the June 30, 2017 filing advised Appellant that the denial of his motion was immediately appealable as a collateral order. **Id.** at 3. We are satisfied that the trial court has fulfilled our prior mandate to comply with Pa.R.Crim.P. 587(B), and we have jurisdiction to entertain Appellant's appeal. **See Commonwealth v. Taylor**, 120 A.3d 1017, 1021 (Pa. Super. 2015) ("orders denying a

- 3 -

defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous.").

Appellant presents the following issues for our review:

1.    Did the trial court err, as a matter of law, in denying [Appellant's] Motion to bar prosecution pursuant to the Double Jeopardy Clause (state and federal) with respect to Count 2 of the Information?

2.    Did the trial court err, as a matter of law, in denying [Appellant's] Motion to bar prosecution pursuant to 18 Pa.C.S. Section 110 and 111 with respect to Count 2 of the Information?

Appellant's Brief at 3.

We set forth our well-settled standard of review:  "An appeal grounded in double jeopardy raises a question of constitutional law.  This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary.  As with all questions of law, the appellate standard of review is *de novo*...."  **Commonwealth v. Vargas**, 947 A.2d 777, 780 (Pa. Super. 2008) (citations and quotations omitted); **see also Commonwealth v. Simmer**, 814 A.2d 696, 698 (Pa. Super. 2002) (Our review is plenary when the issue is whether the compulsory joinder rule, 18 Pa.C.S. § 110, bars cases.).

In his first issue, Appellant argues that the trial court erred in denying his motion to bar prosecution pursuant to the double jeopardy clause (state and federal) with respect to Count 2 of the Information.  Appellant's Brief at 8.  In support of his claim, Appellant cites to **Commonwealth v. Calloway**, 675 A.2d 743 (Pa. Super. 1996), asserting the following:

There are three (3) relevant inquiries with respect to Double Jeopardy. Firstly, whether or not the prosecution which is proposed involves the same conduct for which the defendant was prosecuted by the other jurisdiction. It is contended that in the present case, the answer to this inquiry must be yes, i.e.[] a pattern of contractor fraud. Accordingly, the Government must then establish **both**:

2) that each prosecution requires proof of a fact not required by the other,

**and**

3) the law defining the offense is designed to prevent a substantially different harm or evil from the law defining the other jurisdiction's offense.

**Commonwealth vs. Calloway**, 450 Pa. Super. 227, 675 A.2d 743 (1996).

Appellant's Brief at 9 (emphasis in original). Appellant further asserts that "[i]t cannot be reasonably argued that a different harm or evil is involved. Therefore, pursuing the present charge violates [Appellant's] double jeopardy protections." *Id.*

We begin by noting that *Calloway* does not support the proposition for which Appellant cites it. While Appellant posits that the elements set forth by *Calloway* are relevant to an analysis of the constitutional double jeopardy provisions, Appellant's Brief at 8-10, review of that case reflects that the elements and discussion set forth by the *Calloway* Court were undertaken in the context of analyzing 18 Pa.C.S. § 111. *Calloway*, 675 A.2d at 747-748.

Moreover, as a result of Appellant's argument under this section of his brief consisting only of his assertions related to **Calloway**, Appellant's Brief at 8-10, Appellant fails to develop any analysis in support of his constitutional claim. Where an appellant sets forth no argument in support of his claim, the claim is waived. **See Commonwealth v. Woodard**, 129 A.3d 480, 502 (Pa. 2015), *cert. denied*, 137 S. Ct. 92 (2016) (citing **Wirth v. Commonwealth**, 95 A.3d 822, 837 (Pa. 2014)) (holding "where an appellate brief fails to ... develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate appellant's arguments for him."); **Commonwealth v. Walter**, 966 A.2d 560, 566 (Pa. 2009) (Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.). Accordingly, we decline to address Appellant's constitutional claims for lack of development.

In his second issue, Appellant argues that the trial court erred in denying his motion to bar prosecution pursuant to 18 Pa.C.S. §§ 110 and 111 with respect to Count 2 of the Information. Appellant's Brief at 11. Appellant cites case law related to a claim made pursuant to Section 110.

*Id.* at 12.[1] Additionally, Appellant posits that Section 110 "expressly prohibits a second prosecution which arose from the same criminal episode as a former prosecution." *Id.* Although Appellant additionally sets forth case law defining a single criminal episode, *id.* at 12-13, he fails, however, to present any argument related to the facts of this case and why his actions did or did not constitute a single criminal episode. *Id.* at 11-13. Additionally, Appellant makes cursory reference to prong four of the compulsory joinder test by stating simply: "The element regarding judicial district is defined in *Cadora*. *Commonwealth v. Cadora*, 703 A.2d 711 (Pa.Super. 1975). The fact that the charges arose in different counties is not determinative." *Id.*

"[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal

---

[1] As explained by our Supreme Court:

> The compulsory joinder rule bars a subsequent prosecution if each prong of the following test is met: (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges were within the same judicial district as the former prosecution.

*Commonwealth v. Nolan*, 855 A.2d 834, 839 (Pa. 2004) (footnote and citations omitted).

authorities." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (quoting ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citations omitted)); Pa.R.A.P. 2119. As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." ***Kane***, 10 A.3d at 331. Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Id.***; Pa.R.A.P. 2101.

Herein, Appellant fails to develop any argument supporting his second issue. Specifically, Appellant does not discuss the facts of this case or provide citation to the record. Appellant's failure to adhere to the Rules of Appellate Procedure and to develop his claim prevents this Court from conducting meaningful appellate review. Therefore, we conclude Appellant has waived this issue. ***See Commonwealth v. Perez***, 93 A.3d 829, 838 (Pa. 2014) (claims failing to contain developed argument or citation to supporting authorities and record are waived).[2]

---

[2] Assuming *arguendo* that Appellant's claims were not waived for failure to develop them, we would determine that they lack merit for the reasons set forth by the trial court in its September 29, 2016 opinion. In the event of further proceedings, the parties shall attach a copy of the September 29, 2016 trial court opinion to any filings.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017